## ROBERT HALL
### v.
## RICHARD W. MILLS.

STATEMENT—EXCESSIVE JUDGMENT.—The court is of opinion, from an examination of the evidence, that the judgment is for too large a sum, and it is reversed for that reason.

APPEAL from the Circuit Court of Cass county; the Hon. CYRUS EPLER, Judge, presiding. Opinion filed June 29, 1880.

Mr. OSCAR A. DELEUW, for appellant; that the motion for new trial should have been heard by the judge who tried the case, cited Hilliard on New Trials, 23; United States v. Harding, Wall, Jr., 127.

The evidence preponderates against the finding of the jury: Union Nat. Bank v. Baldenwich, 45 Ill. 375.

Hall v. Mills.

The change of venue divested the lower court of jurisdiction: Goodhue v. The People, 11 Chicago Legal News, 91.

Proof should have been made that plaintiff was a licensed attorney: Tedrick v. Hiner, 61 Ill. 189.

Mr. R. W. MILLS, *pro se;* that a judge other than the one who tried the cause may hear a motion for new trial, cited Scott v. White, 71 Ill. 287.

Affidavits of jurors cannot be heard to impeach their verdict: Forester v. Guard, Breese, 74; Allison v. The People, 45 Ill. 37; Martin v. Ehrenfels, 24 Ill. 187; Peck v. Brewer, 48 Ill. 54.

DAVIS, J.    The relation of attorney and client existed between appellee and appellant for a number of years, and this suit was commenced by the former to recover for professional services rendered the latter, and for various items of account arising between the parties during the existence of that relation.

On the trial below, the jury rendered a verdict in favor of appellee for $792.54, and from the judgment rendered on that verdict the case is brought to this court by appeal.

There are no questions of law arising, and our examination will be confined to the single inquiry, whether the evidence given will sustain the verdict rendered by the jury.

Appellee, when on the stand as a witness for himself, gave the items of his account, which amounted in the aggregate to $3,708.50, and conceded that the items of. the account of appellant to the amount of $2,778.22 were correct, and claimed the difference between the two accounts of $930.28 as being the sum justly due him.    In this sum of $3,708.50 were two items, as follows: Iowa matter, $250.00, and five years' office business, $500.00.

The evidence given to support these charges was mainly the testimony of appellee to the services rendered and their value; and the evidence to disprove them, of the testimony of appellant, who denied the retainer, and of any services rendered by appellee, and a denial of the justice of both charges.    The evi-

dence was so conflicting and so unsatisfactory as to the nature and extent of the services claimed to have been rendered, and as to the value of them, that if these two items were the only ones involved in the controversy, we should hesitate in sustaining the verdict. But for the purposes of the present trial we will concede that these amounts were properly proved. Then the inquiry arises, whether the verdict can be sustained on the evidence given to support the other items testified to by appellee.

All the items claimed by appellee, as we have seen, amount to $3,708.50. Among these items are the following:

| | | | |
|---|---|---|---|
| To services in case of Hall v. Rodney, distress....... | $ 30 | 00 |
| " " " " " " v. Rahe & Springer....... | 40 | 00 |
| " " " " " garnishee of Carter............ | 20 | 00 |
| " " " two suits S. & J. S. E. Railway....... | 75 | 00 |
| " cash and Easley notes........................ | 236 | 25 |
| Amounting in the aggregate to...............$401 | 25 |

The evidence of Hall, Billings and Rodney shows conclusively that Billings and Rodney employed appellee to bring the suits of Hall v. Rodney, and of Hall v. Rahe & Springer, and that Billings employed appellee to garnishee Carter, and that appellant knew nothing about these cases until after they were disposed of. It also appears that the two suits of S. & J. S. E. Railway were prosecuted by Cyrus Epler, under a retainer from appellant, and the fees for these suits were paid to him, and this appellee concedes.

It also appears from the evidence, that the item " cash and Easley notes " should not be charged, for the cash and notes were the property of appellant, and as he was not credited with the amount of them when appellee received them, appellant should not be charged with them. when they were paid to him.

These items, therefore, amounting in the aggregate to $401.25 improperly charged, should be deducted from the sum of $3,708.50, leaving the true amount of appellee's claim at $3,307.25; and from this amount should be deducted the items of appellant's account, amounting to $2,778.22, admitted as before shown to be correct, which would leave a balance due

appellee from appellant, on these items examined, of $529.03, and this should have been the amount of the verdict of the jury, instead of $792.54.   The judgment being for too large a sum, it must, therefore, be reversed and the cause remanded.

Judgment reversed.